1

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   MARIA HERNANDEZ, et al.,              CASE NO. CV F 05-0115 LJO GSA

10                  Plaintiffs,          _____**ORDER TO DISMISS FOR DISOBEDIENCE**
                                               **OF ORDERS**
11        vs.                                 (Docs. 7, 18, 19.)

12   MITCHELL ROBINSON,

13                  Defendants.
    _____/

14

15                            **BACKGROUND**

16        This Court's May 26, 2005 order requires status reports every 120 days during stay of this action.

17   Plaintiffs last filed a June 30, 2008 status report.

18        In the absence of timely status reports, this Court's December 12, 2008 order ("December 12

19   order") required plaintiffs, no later than December 22, 2008, to file a status report.  The December 12

20   order stated: "**This Court ADMONISHES plaintiffs that failure to comply with this order will**

21   **result in sanctions, including dismissal of this action.**"  (Bold in original.)  Plaintiffs failed to respond

22   to the December 12 order.

23        This Court's December 23, 2008 order to show cause ("OSC") required plaintiffs, no later than

24   January 5, 2009, to show cause in writing why this Court should not impose sanctions, including

25   dismissal of this action, for failure to comply with the December 12 order and to file timely status

26   reports.  The OSC stated: "**This Court ADMONISHES plaintiffs that failure to comply with this**

27   **order will result in sanctions, including dismissal of this action.**"  (Bold in original.)  Plaintiffs failed

28   to respond to the OSC.

                                        1

1

## DISCUSSION

2

### Failure To Comply With Orders

3    This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with

4    these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

5    and all sanctions . . . within the inherent power of the Court." District courts have inherent power to

6    control their dockets and "in the exercise of that power, they may impose sanctions including, where

7    appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

8    A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local

9    rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

10   local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply

11   with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

12   1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised

13   of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

14   comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

15   of prosecution and failure to comply with local rules).

16   In determining whether to dismiss an action for failure to comply with a court order or local rules

17   or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious

18   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant;

19   (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

20   alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

21   *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

22   In this case, the public's interest in expeditiously resolving this litigation and the Court's interest

23   in managing the docket weigh in favor of dismissal as plaintiffs indicate a lack of interest to further

24   litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor

25   of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

26   prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

27   public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

28   of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's

order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The December 12 order and OSC admonished plaintiffs that "**failure to comply with this order will result in sanctions, including dismissal of this action.**" Plaintiffs ignored the OSC which gave plaintiffs a further opportunity to file a status report. Despite the clear directives of the December 12 order and the OSC, this Court is puzzled why plaintiffs failed to file a simple status report. Plaintiffs received adequate warning that dismissal will result from disobedience of this Court's orders and failure to prosecute this action. Quite simply, plaintiffs have failed to comply with this Court's orders or to meaningfully and intelligently respond.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.      DISMISSES this action without prejudice;

2.      FURTHER ADMONISHES plaintiffs and their counsel of the need to obey this Court's orders and Local Rules; and

3.      DIRECTS the clerk to close this action.


IT IS SO ORDERED.

**Dated:   January 20, 2009            /s/ Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE

3